IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,        )
                                 )
                      Plaintiff, )
                                 )
  vs.                            )
                                 )
DEBRA R. MURDOCK, RONALD D.      )
PETERSEN, and P PLUS CONTRACTOR, )
                                 )  No. 3:19-cv-0083-HRH
                     Defendants. )
_____)

O R D E R

Motion to Dismiss;
Motion for Summary Judgment

Defendants move to dismiss this case.[1] This motion is opposed,[2] and plaintiff moves for summary judgment.[3] The motion for summary judgment is opposed.[4] Oral argument was not requested on either pending motion and is not deemed necessary.

---

[1]Docket No. 37.

[2]Docket No. 40.

[3]Docket No. 38.

[4]Docket No. 44.

-1-

Facts

Plaintiff the United States of America brings the instant action to reduce to judgment federal tax liabilities assessed against defendants Debra R. Murdock, Ronald D. Petersen, and P Plus Contractor.

P Plus Contractor was an entity for which Murdock was the sole proprietor. P Plus Contractor failed to pay the employer's portion of social security and Medicare taxes reported on Form 941 for the tax periods of September 30, 2006; June 30, 2007; September 30, 2007; December 31, 2007; and December 31, 2008.[5] In addition, penalties were assessed for Murdock's failure to file Forms W-2 for the 2005 and 2006 tax years.[6] Murdock and Petersen also failed to pay their joint federal tax liabilities as reported on Form 1040 for the tax years of 2005-2009.[7] The IRS has made assessments against defendants for their federal tax liabilities on Certificates of Assessments, Payments, and Other Specified Matters.[8] With the exception of the 2009 Form 1040 tax period, for which additional tax was assessed, the

---

[5]Declaration of David James at 3, ¶ 6, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

[6]Id. at 5, ¶ 10.

[7]Id. at 4, ¶ 7.

[8]See Certificates of Assessments, Exhibit DJ-2, James Declaration, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

tax that the IRS assessed for the foregoing tax periods was the amount of tax reported by defendants on the tax returns they filed.[9]

On March 28, 2019, plaintiff commenced this action "to reduce to judgment the[se] outstanding federal tax liabilities against defendants. . . ."[10]

Defendants now move to dismiss this case, and plaintiff moves for summary judgment.

Motion to Dismiss

With no citation to authority, defendants move to dismiss this case for four reasons: 1) Murdock's work days have been cut to three days per week, 2) the COVID-19 pandemic has been frightening and unsettling for them, 3) they are both over 60 and at higher risk of contracting COVID-19, and 4) convicted felons are being let out of jail due to COVID-19, so they should get a break as well. Defendants' motion to dismiss is denied. None of these reasons justify the dismissal of the instant action.

Motion for Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets

---

[9]Exhibit DJ-3, James Declaration, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

[10]United States' Complaint at 1, ¶ 1, Docket No. 1.

-3-

its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Services, Inc., 900 F.3d 623, 628–29 (9th Cir. 2018) (quoting T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

"In an action to collect tax, the Government bears the burden of proof." United States v. Stephens, 670 F. Supp. 2d 1145, 1151 (D. Mont. 2009) (citing United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir.1983)). "The government can usually carry its initial burden . . . merely by introducing its assessment of tax due. Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." Stonehill, 702 F.2d at 1293.

Here, plaintiff has met its initial summary judgment burden with Certificates of Assessment for the tax periods in question.[11] The Certificates of Assessment show the

---

[11]Exhibit DJ-2, James Declaration, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

following tax liability has been assessed against Murdock as the sole proprietor of P Plus Contractor:[12]

| Tax Type | Tax Period | Total Amount Due as of April 6, 2020 |
|---|---|---|
| Form 941 | 09/30/2006 | $10,035.86 |
| Form 941 | 06/30/2007 | $8,428.20 |
| Form 941 | 09/30/2007 | $10,723.10 |
| Form 941 | 12/31/2007 | $5,421.51 |
| Form 941 | 12/31/2008 | $1,039.34 |
| § 6721 Penalty | 2005 | $4,911.49 |
| § 6721 Penalty | 2006 | $1,027.80 |
| Total | | $41,587.30 |

The Certificates of Assessment show the following tax liability has been assessed against Murdock and Petersen:[13]

| Tax Type | Tax Period | Total Amount Due as of April 6, 2020 |
|---|---|---|
| Form 1040 | 2005 | $10,582.80 |
| Form 1040 | 2006 | $12,462.69 |
| Form 1040 | 2007 | $7,693.89 |
| Form 1040 | 2008 | $3,844.12 |
| Form 1040 | 2009 | $7,420.97 |
| Total | | $37,004.47 |

---

[12] James Declaration at 3-4, ¶ 6, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

[13] Id. at 4, ¶ 7.

The burden thus shifts to defendants to show that these assessments are incorrect. United States v. Scott, 290 F. Supp. 2d 1201, 1205 (S.D. Cal. 2003). Defendants first argue that the assessments are incorrect because they do not reflect some payments that they have made to the IRS. Defendants submit proof [14] of the following payments, which total $5600:

1) $1000 on July 29, 2009

2) $500 on February 3, 2009

3) $500 on March 8, 2010

4) $500 on January 13, 2009

5) $500 on September 30, 2008

6) $500 on July 16, 2008

7) $500 on November 26, 2008

8) $500 on August 12, 2008

9) $500 on February 8, 2010

10) $500 for a "May" payment.

11) $100 for a "May" payment.

Defendants also submit proof [15] that shows that the following payments were made to the United States treasury from their PFDs:

1) $700 in 2017

---

[14] Exhibits 1-9, Defendants' Opposition, Docket No. 44.

[15] Exhibits 11-16, Defendants' Opposition, Docket No. 44.

-6-

2)  $2068 in 2015

3)  $521.59 in 2011

4)  $1,277 in 2010

5)  $2,070 in 2015

6)  $1,018 in 2016.

This represents a total of $7,654.59.

Plaintiff does not dispute that defendants have made the foregoing payments. However, plaintiff points out that defendants have tax liabilities for years other than those at issue in this case. Plaintiff contends that "[d]efendants have not paid their taxes for many years, including their personal individual income taxes (Form 1040) for tax years 1998-2009 (at a minimum), and their employer's portion of Social Security and Medicare taxes (Form 941) for multiple periods spanning from 1999 to 2009 (again, at a minimum)."[16] Plaintiff contends that the foregoing payments have been applied to tax periods other than those at issue in this case. Plaintiff offers the declaration of David James, an IRS Revenue Officer, who avers that he "attempted to trace the" foregoing "payments . . . by looking at various accounts for multiple years."[17] According to what James discovered, two of the payments

---

[16] United States' Reply to [Defendants'] Response to United States' Motion for Summary Judgment at 1-2, Docket No. 46.

[17] Declaration of David James at 3, ¶ 8, Docket No. 47.

were applied to tax periods at issue in this case.[18] These two payments were a $500 payment applied to the Form 941 2006 liability and a $700 payment applied to the 2005 civil penalty. The Certificates of Assessment show that defendants have received credit for these payments.[19] Plaintiff also contends that there was a $1,277 payment that had been credited to one of the tax periods at issue, but the evidence submitted by plaintiff shows that this payment was credited to a Form 941 2000 liability.[20]

In sum, the evidence before the court shows that defendants have received credit for the payments to which they cite.[21] And, James avers that at the time the payments were applied, "the statute of limitations for collection . . . had not expired."[22] Thus, defendants have not shown that there are any issues of fact as to the amounts that have been assessed against them.

Defendants next argue that the statute of limitations bars most of the collections that plaintiff is seeking. "Once the assessment of a tax has been made, the government may collect that tax 'by levy or by a proceeding in court' but . . . must do so 'within 10 years after the assessment of the tax.'" United States v. Kollman, 774 F.3d 592, 595 (9th Cir. 2014)

---

[18] Id. at 4, ¶ 8.

[19] Exhibit DJ-2 at 2, 32, James Declaration, which is appended to United States' Motion for Summary Judgment, Docket No. 38.

[20] Exhibit DJ-7 at 11, James Declaration, Docket No. 47.

[21] See Exhibits DJ-4-DJ-8, James Declaration, Docket No. 47.

[22] James Declaration at 5, ¶ 9, Docket No. 47.

-8-

(quoting 26 U.S.C. § 6502(a)(1)).  Here, the earliest assessments were made on March 17, 2008, which means that the statute of limitations would have run on March 17, 2018, which was more than one year before plaintiff commenced this action.

However, "[t]he ten year statute of limitations period is 'suspended for the period during which the [IRS] is prohibited . . . from making a levy.'"  United States v. Kidwell, Case No. 2:16-433 WBS EFB, 2017 WL 714381, at *3 (E.D. Cal. Feb. 23, 2017) (quoting 26 U.S.C. § 6331(i)(5)).  "The IRS cannot levy a tax while an offer-in-compromise is pending and for thirty days after any rejection or appeal of the rejection."  Id. (citing 26 U.S.C. § 6331(k)(1)).  "'[A]n offer is pending beginning on the date the [IRS] accepts such offer for processing.'"  Id. (quoting 26 U.S.C. § 6331(k)(1)).  "Thus, the statute of limitations tolls while an offer-in-compromise is pending and for thirty days after any rejection of the offer by the IRS."  Id.

It is undisputed that the statute of limitations in this case was tolled by a pending offer-in-compromise from October 11, 2017 to November 10, 2018.  If the thirty days is added to this time, then the statute of limitations was extended for a total of 395 days, or 13 months.  Plaintiff contends that this means that the statute of limitations did not expire until April 16, 2019, which would mean that its collection efforts are timely given that the instant action was commenced on March 28, 2019.

Defendants however contend that the collection statute expiration dates (CSEDs) for many of the tax liabilities plaintiff is attempting to collect have expired.  Defendants provide

-9-

a handwritten chart[23] in which they calculated CSEDs based on information that they received from IRS Taxpayer Advocate Caroline Ware, which has been replicated below:

| Date | Tax Type | Amount | CSED Falls off Date[24] |
|---|---|---|---|
| 2004 | 1040 | $8709.80 | 8.16.17 |
| 2005 | 940EZ | $113.45 | 7.15.17 |
| 2005 | 941 | $13,442.11 | 7.15.17 |
| 2005 | 1040 | $11,859.45 | 8.27.19 |
| 2006 | 1040 | $10,433.68 | 9.28.18 |
| 2006 | 941 | $8,401.94 | 5.24.19 |
| 2007 | 941 | $8,977.33 | 5.17.19 |
| 2007 | 1040 | $6.441.26 | 11.2.2019 |
| 2007 | 941 | $4,538.87 | 5.17.19 |
| 2007 | 941 | $6,962.42 | 5.17.19 |
| 2008 | 941 | $870.11 | 1.17.20 |
| 2008 | 1040 | $3,174.18 | 12.24.20 |
| 2003 Civil | Civil | $3,347.45 | 12.9.17 |
| 2005 Civil | Civil | $4,776.11 | 1.18.19 |

First of all, for some of these tax periods it is irrelevant whether the statute of limitations has expired or not because plaintiff is not attempting to collect for those tax periods. These periods are: 1) 2004 1040, 2) 2005 940EZ, 3) 2005 941, and 4) 2003 Civil.

---

[23]Exhibit 18 at 18, Defendants' Opposition, Docket No. 44.

[24]This date reflects the 13 months added for the OIC.

Secondly, even assuming that the dates in defendants' chart are correct, what the chart shows is that plaintiff's collections efforts were timely as to many of the tax periods. In order for plaintiff's collection effort to be timely, plaintiff had to file suit prior to the statute of limitations running. Defendants' chart shows that plaintiff did so as the following the tax periods: 1) 2005 1040, 2) 2006 941, 3) 2007 941, 4) 2007 1040, 5) 2007 941, 6) 2007 941, 7) 2008 941, and 8) 2008 1040.

That leaves two tax periods, the 2006 1040 and the 2005 Civil. According to defendants' chart, the statute of limitations as to the 2006 1040 tax period expired on September 29, 2018, which was prior to plaintiff commencing suit. However, the relevant date for purposes of the statute of limitations is the date on which the tax assessment was made. The evidence before the court shows that for the 2006 1040 tax period, the tax assessment was made on July 28, 2008.[25] Ten years from that date was July 28, 2018, to which an additional 395 days would be added for the period that the OIC was pending. Thus, the statute of limitations the 2006 1040 tax period expired on August 27, 2019. Plaintiff commenced this action on March 28, 2019, which means plaintiff's collection effort as to the 2006 1040 tax period is timely.

As for the 2005 civil penalty, defendants contend that the statute of limitations expired on January 18, 2019, which was prior to plaintiff commencing suit. But, the evidence before

---

[25]Exhibit DJ-2 at 47, James Declaration, appended to United States' Motion for Summary Judgment, Docket No. 38.

the court shows that this penalty was assessed on November 17, 2008.[26] Ten years from that date was November 17, 2018, to which an additional 395 days would be added for the period that the OIC was pending. Thus, the statute of limitations for the 2005 civil penalty expired on December 17, 2019. Plaintiff commenced this action on March 28, 2019, which means plaintiff's collection effort as to the 2005 civil penalty is timely.

Defendants' challenges to the amount of the assessments at issue and to the timeliness of plaintiff's collection efforts fail. Plaintiff is entitled, as a matter of law, to have the tax liabilities at issue reduced to judgment.

## Conclusion

Defendants' motion to dismiss[27] is denied, and plaintiff's motion for summary judgment[28] is granted. The clerk of court shall enter judgment against Debra Murdock in the amount of $41,587.30, as of April 6, 2020, for Form 941 liabilities for the tax periods 09/30/2006, 06/30/2007, 09/30/2007, 12/31/2007, and 12/31/2008, and for § 6721 Civil Penalties for tax years 2005 and 2006, plus other statutory additions from April 6, 2020, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, until judgment is paid in full; and shall enter judgment jointly against Debra Murdock and Ronald Petersen in the amount of $37,004.47, as of April 6, 2020, for federal income tax liabilities

---

[26]Id. at 31.

[27]Docket No. 37.

[28]Docket No. 38.

(Form 1040) for 2005-2009, plus other statutory additions from April 6, 2020, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, until judgment is paid in full.

DATED at Anchorage, Alaska, this 16th day of September, 2020.

/s/ H. Russel Holland
United States District Judge